**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

EDWARD JOE HOOTEN PLAINTIFF
ADC #85089

V. NO: 5:08CV00274 JMM/HDY

JONNIE R. HARRIS *et al.* DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on October 2, 2008. On November 4, 2008, Judge Moody dismissed all of Plaintiff's claims against all Defendants with the exception of his retaliation claim against Defendant Lillie Phillips Ward (docket entry #8). On February 17, 2009, Ward filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #17-#19). Plaintiff filed a response to that motion on March 9, 2009 (docket entry #23).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

**II. Analysis**

On April 8, 2008, Sergeant Lillie Brown issued Plaintiff a disciplinary charge. Plaintiff was convicted of at least one count in the charge on April 11, 2008, and appealed the conviction. Plaintiff contends that Ward[1] wrote him a disciplinary charge on May 2, 2008, in retaliation for that appeal.[2] In her motion, Ward concedes that Plaintiff's appeal of his disciplinary conviction was constitutionally protected activity, and that he was disciplined about two weeks after he filed his appeal. However, Ward asserts that she was not involved in the April 8, 2008, disciplinary charge, or the appeal of the conviction, and that Plaintiff cannot show that her motivation for the issuance of the later disciplinary was in any way retaliatory. Plaintiff does not contest Ward's lack of involvement in the first charge, but claims that she works with Brown, and that the two are "friends outside the workplace." Plaintiff also claims that Ward was involved in the "questionable situation"

---

[1]Plaintiff refers to Ward as Lt. Phillips in his response.

[2]The May 2, 2008, charge was made in connection with tobacco and marijuana found in another inmate's locker.

that led to the writing of the first charge, but does not explain Ward's involvement.[3]

There is no dispute that discipline imposed in retaliation for the exercise of constitutional rights is actionable. *Goff v. Burton*, 7 F.3d 734 (8th Cir. 1993). Plaintiff's entire theory of the case is based on his speculation that Ward's actions were motivated by her alleged friendship with a coworker, and her unspecified involvement in a "questionable situation" prior to the first disciplinary charge. However, Plaintiff does not allege that Ward was involved in the first disciplinary episode. Additionally, even if Plaintiff proved that Ward and Brown are friends, such evidence, without more, would be insufficient to demonstrate a retaliatory animus on the part of Ward.[4] *See Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996) (inmate claiming retaliatory transfer is required to meet burden of proving actual motivating factor for adverse action was as alleged); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam)(defendants were not involved in or affected by inmate's previous litigation; allegations of retaliation must be more than speculative and conclusory). Ward was not involved in the writing of the first charge, and Plaintiff's success on his appeal of the conviction would not have affected Ward. Accordingly, Ward's motion for summary judgment should be granted, and Plaintiff's complaint should be dismissed.[5]

---

[3]The charge itself is attached to Plaintiff's complaint and indicates that Brown wrote the charge after Plaintiff refused to make his bed and prepare for work.

[4]Under Plaintiff's theory, any disciplinary action taken by Ward against him could now be considered retaliatory, because Plaintiff appealed his conviction on a charge made by Brown. Thus, a finding in his favor would effectively insulate him from any future disciplinary action by Ward, or any other officer who is a friend of Brown's.

[5]To the extent that Plaintiff asserts the charges against him were false, the Court notes that while a disciplinary charge made in retaliation for the exercise of constitutional rights is a violation, a false disciplinary charge alone is not actionable. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 458 U.S. 982 (1988)).

**III. Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #17) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __15__ day of April, 2009.

UNITED STATES MAGISTRATE JUDGE